**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SUSAN DONAHUE,

    Plaintiff,

v.

PROBASCO & ASSOCIATES, P.A.,

    Defendant.

Case No. 18-2344-CM-TJJ

## MEMORANDUM AND ORDER

This matter is before the court on defendant Probasco & Associates, P.A.'s Motion to Dismiss or, in the Alternative, For a More Definite Statement (Doc. 5) and its Supplemental Motion to Dismiss (Doc. 11). Defendant seeks dismissal of plaintiff's Second Amended Complaint for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court denies defendant's motions.

**I.    Background**

Plaintiff filed the present case on June 28, 2018 seeking damages against defendant under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. According to an affidavit submitted by plaintiff's process server, defendant was served with the summons on July 19, 2018 at 615 SW Topeka Blvd., Topeka, KS 66603. The process server testified he served the documents on Alicia Colbert, who "was sitting behind the desk and stated they were waiting for the service documents and who specifically stated that they were authorized to accept service of process on behalf of [defendant]." (Doc. 17-1, at 2.) On August 8, 2018, E. Lou Bjorgaard Probasco entered her appearance on behalf of defendant and was given until August 23, 2018 to answer or otherwise plead. On August 23, 2018, defendant filed a Motion to Dismiss or, in the Alternative, for a More Definite Statement (Doc. 5) asking

the court to dismiss the complaint for insufficient service of process, or to order plaintiff to provide a more definite statement.

In response, plaintiff filed an amended complaint. Defendant now moves to dismiss the amended complaint for insufficient service of process. Defendant did not renew its request for a more definite statement.

**II.     Analysis**

Service of summons is "the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Proper service is a "necessary procedural prerequisite to a showing of personal jurisdiction." *Commodities Future Trading Comm'n v. Wall Street Underground, Inc.*, 221 F.R.D. 554, 555 (D. Kan. 2004).

Under Rule 4(h)(1)(B), a corporation, partnership, or association must be served,

> [B]y delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Rule 4(h)(1) also authorizes service of process under the manner prescribed by Rule 4(e)(1), which allows for service by any method under the law of the state "where service is made." Fed. R. Civ. P. 4(e)(1). Under K.S.A. § 60-304(e), service on a corporation may be made by: "(1) serving an officer, manager, partner or a resident, managing or general agent; (2) leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof; or (3) serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

A plaintiff has 90 days after filing the complaint to properly serve a defendant. Fed. R. Civ. P. 4(m). If a defendant is not served within 90 days, the court must "dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* The court must extend the time for service if the plaintiff shows good cause for the failure. *Id.*; *see also Commodities Future Trading Com'n*, 221 F.R.D. at 556 (noting, "[t]he general rule is that 'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'" (citing *Gregory v. United States Bankr. Court for Dist. of Colo.*, 942 F.2d 1498, 1500 (10th Cir. 1991)).

Here, plaintiff's process server served the summons at defendant's office, 615 SW Topeka Blvd., Topeka, KS 66603. According to his affidavit, the process server left the summons with Alicia Colbert, "who was sitting behind the desk and stated they were waiting for the service documents and who specifically stated that they were authorized to accept service of process on behalf of [defendant]." (Doc. 17-1, at 2.) Defendant, however, provided an affidavit from Colbert, who claims she has a contract with defendant to clean the office at 615 SW Topeka Blvd. She admits that she received the summons on July 19, 2018, but states that she is not an agent authorized to receive service of process on behalf of defendant.

Defendant argues that the complaint should be dismissed because service was not made on an authorized agent as required by Rule 4(h). While Colbert's affidavit shows that service was in fact not properly made on defendant because Colbert is not an authorized agent, the court will not ignore the process server's declaration that he left the summons with Colbert who, at the time, held herself out to be an individual authorized to accept service. And shortly after the attempted service, the authorized agent, E. Lou Bjorgaard Probasco, entered her appearance on behalf of defendant. While this does not constitute waiver of the Rule 4 requirements, it is evidence that defendant received notice of the

-3-

summons. *See Kitchens v. Bryan Cnty. Nat'l. Bank*, 825 F.2d 248, 256 (10th Cir. 1987) (noting, "'the federal courts generally take a permissive attitude towards the mechanism employed for service of process when defendant actually received notice.'").

Even though, according to the process server, Colbert claimed she was authorized to accept service on behalf of defendant, Colbert was in fact not authorized to accept service. The court, however, will not dismiss the complaint based upon this error. Because plaintiff in good faith believed she had effectuated proper service, and because defendant has been put on notice of the litigation, the court finds good cause exists to extend the time for service under Rule 4(m). The court grants plaintiff 90 days from the date of this order to properly serve defendant. If plaintiff has not effectuated proper service upon defendant by the end of this 90-day period, she must show cause as to why the court should not dismiss the suit.

The court also finds defendant's Motion to Dismiss or, in the Alternative, For a More Definite Statement is denied as moot.

**IT IS THEREFORE ORDERED** that defendant's Supplemental Motion to Dismiss (Doc. 11) is denied and defendant's Motion to Dismiss or, in the Alternative, For a More Definite Statement (Doc. 5) is denied as moot.

**IT IS FURTHER ORDERED** that plaintiff is granted 90 days from the date of this order to properly serve defendant.

Dated October 15, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**