# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SUSAN DONAHUE,

   Plaintiff,

v.

PROBASCO & ASSOCIATES, P.A.,

   Defendant.

Case No: 2:18-cv-02344-CM-TJJ

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion for Alternative Service and Extension of Time to Serve Defendant and Incorporated Memorandum of Law (ECF No. 25). The motion is fully briefed and the Court is ready to rule.

**I. Procedural History**

Plaintiff filed her complaint on June 28, 2018. A summons was issued to her the same day. On August 8, 2018, E. Lou Bjorgaard Probasco[1] entered an appearance on behalf of Defendant and received a Clerk's extension of time to answer or otherwise respond to the complaint.[2] The Clerk's extension, prepared and approved by Ms. Probasco, noted that the "Summons and Petition were served at the office of Probasco & Associates, P.A. on July 19, 2018."[3] On August 23, 2018, Defendant filed a motion to dismiss alleging insufficient service of process.[4] Specifically, Defendant submitted an affidavit from Alisia Colbert ("Colbert"), who

---

[1] Ms. Probasco, a licensed attorney, is Defendant's registered agent. *See* ECF No. 26-1.

[2] *See* ECF Nos. 3 and 4.

[3] ECF No. 4.

[4] ECF No. 5. Defendant's motion also requested a more definite statement. However, on September 4, 2018, Plaintiff filed an Amended Complaint (ECF No. 9) and, on September 14, 2018, Defendant filed a supplemental motion to dismiss (ECF No. 11) removing the request for more definite statement but arguing the amended complaint had not been properly served, either.

accepted service of the complaint and summons, stating she was not authorized to receive service on behalf of Defendant.[5] Plaintiff responded with an affidavit from her process server stating the summons was served at Defendant's office on July 19, 2018 upon Colbert, who "was sitting behind the desk and stated [she was] waiting for the service documents and who specifically stated that [she was] authorized to accept service of process on behalf of [Defendant]."[6]

The District Judge ruled that although Plaintiff believed in good faith she had effectuated proper service, service was not proper.[7] The Court declined to dismiss the action and instead granted Plaintiff an additional 90 days from October 15, 2018 (until January 14, 2019) in which to properly serve Defendant.[8] The Court also ordered that, if Plaintiff did not effectuate proper service upon Defendant by that date, she must show cause as to why the Court should not dismiss the case.[9]

As discussed in detail below, Plaintiff subsequently attempted to personally serve Defendant fourteen times. Additionally, Plaintiff's counsel contacted or attempted to contact Defendant's counsel on several occasions to inquire whether Defendant's agent would agree to be present for service at her office at a specified date and time of Defendant's choosing, but Defendant never responded to the proposal.[10] After all of these attempts failed, on January 4, 2019, Plaintiff filed her Motion for Alternative Service and Extension of Time to Serve Defendant and Incorporated Memorandum of Law.[11]

---

[5] ECF 5-1.
[6] ECF No. 17-1.
[7] *See* ECF No. 20.
[8] *Id.*
[9] *Id.* at 4.
[10] ECF No. 25 at 7.
[11] ECF No. 25.

Plaintiff requests an order authorizing her to serve Defendant by certified mail and an additional 30 days to accomplish such service. Defendant opposes the motion, arguing Plaintiff has not shown good cause for either service by certified mail or an extension of time.[12] For the reasons set forth below, the Court will grant Plaintiff's motion.

## II.     Applicable Law

Federal Rule of Civil Procedure 4 governs service in a federal action. Pursuant to Rule 4(h), a corporation, partnership, or other unincorporated association that is subject to suit under a common name, must be served by delivering a copy of the summons and the complaint to an officer, managing or general agent, or any other authorized agent, or in the manner prescribed by Rule 4(e)(1) for serving an individual. Rule 4(e)(1) states that service is accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

In Kansas, service of process upon corporations, companies, partnerships, and other associations subject to suit in a common name is governed by Kan. Stat. Ann. § 60-304(e), which provides that service must be made by:

> "(1) serving an officer, manager, partner or a resident, managing or general agent; (2) leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof; or (3) serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. Service by return receipt delivery on an officer, partner or agent must be addressed to the person at the person's usual place of business."

Pursuant to Kan. Stat. Ann. § 60-303(c)(1):

> "Service of process may be made by return receipt delivery, which is effected by certified mail, priority mail, commercial courier

---

[12] *See* ECF No. 26.

> service, overnight delivery service or other reliable personal
> delivery service to the party addressed, in each instance evidenced
> by a written or electronic receipt showing to whom delivered, the
> date of delivery, the address where delivered and the person or
> entity effecting delivery."

The primary issue presented here is whether Plaintiff should be granted an extension of time to serve Defendant pursuant to Federal Rule of Civil Procedure 4(m), which states: "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action . . . or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." If the plaintiff fails to demonstrate good cause, the court may exercise its discretion in allowing a permissive extension of time for service.[13]

**III. Analysis**

Plaintiff contends Defendant has been avoiding service in this case since July of 2018, stressing once again Plaintiff's delivery of the summons to Colbert.[14] Additionally, Plaintiff has provided a Return of Non-Service[15] showing that her special process server attempted to serve Defendant on fourteen separate occasions between the entry of the Court's October 15, 2018 order and November 20, 2018. Five attempts were made at Defendant's place of business. Five attempts were made at 1431 SW Urish Drive in Topeka, which Plaintiff later discovered is a rental property owned by Defendant's registered agent, Ms. Probasco. And four attempts were made at Ms. Probasco's residence. All fourteen attempts to serve Defendant were unsuccessful.

---

[13] *Blackmon v. U.S.D. 259 School Dist.*, 769 F. Supp. 2d 1267, 1274 (D. Kan. 2011) (citing *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).

[14] ECF No. 25 at 2.

[15] ECF No. 25-2.

Defendant contends Plaintiff's failure to obtain service is due to no fault of Defendant and not the result of willful attempts by Defendant to avoid service. Defendant submits an affidavit from Ms. Probasco stating that she has been out of town during certain periods of time when Plaintiff was attempting to effectuate service, she has not been attempting to avoid service, and has never resided at the 1431 SW Urish Drive rental property.[16] Defendant questions the techniques utilized by Plaintiff's process server and argues that Plaintiff did not make diligent attempts to serve Defendant at its agent's residence or registered office. To support its argument, Defendant points out that it retains another attorney to act as manager while Ms. Probasco is out of the office, but Plaintiff never attempted to serve that "manager agent" or "person responsible and having charge of the office."[17] Defendant also asserts that Plaintiff's only efforts to effectuate service after November 20, 2018 (even though the court-imposed deadline for obtaining service was not until January 14, 2019) were contacting Defendant's counsel to request that its registered agent avail herself to service, which Defendant states it is under no obligation to do.

Plaintiff takes strong exception to this last argument. Plaintiff claims she inquired of Defendant's counsel several times, beginning on December 7, 2018 and continuing for three weeks, whether Defendant would agree to a specific date and time when its registered agent would be present in her office so that Plaintiff could have Defendant served. But Defendant never responded to the proposal.

It is well-established that, in evaluating questions under Rule 4(m), the court conducts a two-step inquiry:

---

[16] ECF No. 26-1.
[17] ECF No. 26 at 4.

> First, the court determines if the plaintiff has met his burden of showing good cause for an extension. Second, even if the plaintiff fails to show good cause, the court *may* grant an extension under limited circumstances. Relevant factors to this second inquiry include whether the defendant had actual notice of the lawsuit, the danger of prejudice to the defendant, and the applicable statute of limitations.[18]

The plaintiff bears the burden of showing grounds for an extension under Rule 4(m).[19] The Tenth Circuit has interpreted "good cause" narrowly.[20] Plaintiff must show something more than excusable neglect to satisfy the good cause requirement.[21] The only case cited by either party addressing the good cause requirement is *Fidelity Sav. Ass'n v. Ricker*,[22] which Defendant relies upon. But in that case, there was no indication the plaintiff had ever even attempted service before the service of process deadline. *Ricker* does not support Defendant's lack of good cause argument in this case, where Plaintiff attempted to effectuate service fourteen times before the deadline.[23]

The Court finds Plaintiff has shown good cause for the extension requested here. Plaintiff utilized the services of a special process server, who attempted to serve the Defendant "fourteen" times between October 15, 2018 and November 20, 2018. Even setting aside Plaintiff's mistaken attempts to serve Defendant at a rental property that was not her residence,

---

[18] *Moore v. Teamsters Local 41*, No. 14-2122-JTM, 2015 WL 859074, at *2 (D. Kan. Feb. 27, 2015) (emphasis included in original).

[19] *Id.* at *1.

[20] *Blackmon v. U.S.D. 259 School Dist.*, 769 F. Supp. 2d 1267, 1275 (D. Kan. 2011).

[21] *Moore*, 2015 WL 859074, at *1.

[22] 141 F.R.D. 324, 324 (D. Kan. 1992).

[23] Notably, *Ricker* was decided before the 1993 amendments to the Federal Rules of Civil Procedure, which broadened the discretion of district courts when determining whether to extend the time for service of a summons and complaint. Specifically, former Rule 4(j) allowed the district court to extend the time for service of the summons and complaint only upon a showing of 'good cause.' The district court was otherwise directed to dismiss the case. But, the plain language of Rule 4(m), broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause. *Espinoza v. U.S.*, 52 F.3d 838, 840–41 (10th Cir. 1995) (internal citations omitted).

Plaintiff attempted to effectuate service nine other times at Defendant's registered office and the residence of Defendant's agent. Although Plaintiff did not attempt to have Defendant served after November 20, 2018, it is undisputed that Plaintiff did attempt to contact Defendant's counsel after that date to request that its registered agent avail herself to service. Plaintiff attempted for three weeks in December to inquire whether Defendant's agent would agree to be present at a specific date and time of her choosing to accept service, but Defendant's counsel never responded to the proposal.

While Defendant is correct that it was under no *obligation* to make its registered agent available for service, it was not unreasonable or a lack of diligence for Plaintiff's counsel to seek and anticipate Defendant's cooperation and common professional courtesy, in lieu of attempting service a fifteenth, sixteenth, or any number of additional times under the circumstances here.[24] The court also rejects Defendant's argument that Plaintiff has not been diligent in her attempts because Defendant retains another attorney to act as manager while Ms. Probasco is out, but Plaintiff never attempted to serve the "manager agent" or the "person responsible and having charge of the office."[25] This argument is unpersuasive given Plaintiff's original attempt to serve an agent, only to be informed later that the person claiming to be authorized to accept service was not actually authorized.

The Court finds Plaintiff has been diligent in attempting to serve Defendant. She has attempted to serve Defendant's agent on "fourteen" occasions, at multiple locations, and has attempted to communicate with Defendant's counsel to arrange an agreeable date and time for

---

[24] Defendant admittedly had actual notice of the lawsuit and Defendant raises no argument that making its agent available for service at a specific time chosen by Defendant would have prejudiced Defendant in any way.

[25] ECF No. 26 at 4.

service, although all to no avail. She timely filed the instant request for extension. Plaintiff has clearly shown good cause for the requested extension.

Even if Plaintiff had not shown good cause, the Court would grant the extension requested here, applying the relevant factors noted above. First, it is undisputed that Defendant has actual notice of this lawsuit. Indeed, Defendant has had actual notice since at least August 8, 2018, when Defendant's agent filed her entry of appearance and obtained a Clerk's ten-day extension in the case acknowledging service of the summons and complaint upon Defendant. Second, Defendant has not attempted to make any showing that it would be prejudiced by the extension granted here, and the Court finds no such prejudice. As for the third factor, the statute of limitations, neither party addresses this issue in the briefing and so the Court will likewise not base its ruling on that factor. The first two factors weigh in favor of allowing the requested extension and support the Court's conclusion here.[26] The Court also notes the clear preference for deciding cases on their merits rather than on technicalities.[27]

Finally, the Court considers whether Plaintiff's request for alternative service should be granted. Kansas law allows service upon an entity such as Defendant via certified mail.[28] Defendant does not argue otherwise. The available methods or procedures for service of process do not appear in dispute. Accordingly, the Court will grant Plaintiff's motion for alternative

---

[26] Given Defendant's actual notice, Plaintiff's extensive but unsuccessful efforts to obtain proper service, and the lack of any prejudice to Defendant of agreeing to additional time for service, Defendant's counsel and lawyer-agent's lack of cooperation and refusal to extend common professional courtesies to Plaintiff that would have avoided unnecessary expense and delay in furtherance of Federal Rule of Civil Procedure 1, are troubling. *See* the Pillars of Professionalism adopted by this court at http://ksd.uscourts.gov/wp-content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf.

[27] *Shavey v. Burlington N. Santa Fe R. Co.*, No. CIV.A.03-2241-CM, 2004 WL 957893, at *1 (D. Kan. Mar. 24, 2004) (citing *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[28] *See* Kan. Stat. Ann. § 60-303(c)(1) and §§ 60-304(e)(1) and (h).

service, by certified mail, but will also allow Plaintiff to effectuate service by any of the other methods authorized by the Federal Rules of Civil Procedure, within the time prescribed herein.

Therefore, the Court grants Plaintiff's motion. Plaintiff is granted an extension of time, to and including March 15, 2019, in which to serve Defendant, either by personal service, certified mail, or any other method authorized by the federal rules.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Alternative Service and Extension of Time to Serve Defendant and Incorporated Memorandum of Law (ECF No. 25) is granted. Plaintiff is granted an extension of time, to and including March 15, 2019, in which to serve Defendant.

**IT IS FURTHER ORDERED** that Plaintiff may serve Defendant either by personal service, certified mail, or any procedure in accordance with the federal rules.

**IT IS SO ORDERED.**

Dated January 31, 2019, at Kansas City, Kansas.

                                              Teresa J. James
                                              U. S. Magistrate Judge