**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **SUSAN DONAHUE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No: 2:18-cv-02344 |
| | ) | |
| v. | ) | **Judge Murguia** |
| | ) | **Magistrate Judge James** |
| **PROBASCO & ASSOCIATES, P.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY**

NOW COMES the Plaintiff, SUSAN DONAHUE, by and through her attorneys, SMITHMARCO, P.C., and hereby submits her Response to the Motion for Extension of Time to Respond to Discovery filed by Defendant, PROBASCO & ASSOCIATES, P.A. In support thereof, Plaintiff states as follows:

**I.   INTRODUCTION**

On November 29, 2018, this Court entered a Scheduling Order mandating that the parties complete discovery by May 31, 2019. Doc. #23. Since that time, and indeed even prior to the issuance of the Scheduling Order, Defendant has employed litigation tactics intended to delay this case and needlessly engage this Court. Defendant successfully avoided service of process in this case for months, forcing Plaintiff to file a Motion for Alternate Service on January 4, 2019, which Defendant opposed. In an effort to move this matter forward and in anticipation of being afforded the opportunity to serve Defendant via return receipt certified mail, Plaintiff propounded discovery requests on Defendant January 25, 2019. On January 31, 2019, this Court granted Plaintiff's Motion, thereby allowing Plaintiff to serve Defendant via return receipt certified mail by March 15, 2019. On February 7, 2019, such service was completed. Doc. #32.

On February 15, 2019, Defendant filed its Motion for Extension of Time to Respond to Plaintiff's Discovery, presently before this Court. Doc. #31. In its introductory paragraph, Defendant asserts solely that it seeks an extension of time to respond to Plaintiff's discovery requests "until 30 days after Defendant has been served with process." Doc. #31. As Defendant would have learned had it requested such an extension from Plaintiff prior to filing its motion, Plaintiff does not take issue with this request, and agrees to an extension of time for Defendant to respond to Plaintiff's discovery requests until March 11, 2019, thirty-two days after Defendant was served with process (the thirtieth day is a Saturday).

However, later in Defendant's motion, it also "requests that the time period to respond to Plaintiff's [discovery requests] be extended until . . . the Court has ruled on Defendant's Motion to Dismiss." Doc. #31, ¶14. Plaintiff does take issue with this request, and responds as follows.

## II.   ARGUMENT

Though framed as a motion for an extension, Defendant in essence seeks a stay of discovery until the Court rules on its Motion to Dismiss (Doc. #30). Courts in this district generally disfavor "staying pretrial proceedings even though dispositive motions are pending." *Holroyd v. Department of Veterans Affairs*, 2007 WL 1585846 (D. Kans. 2007). There are exceptions to this principle, which include situations when "the case is likely to be finally concluded as a result of the ruling [on a dispositive motion]." *Id.* Defendant, however, has not presented any argument to support the application of this exception.

A review of Defendant's Motion to Dismiss reveals that it is predicated on a novel theory that the statute of limitations for the debt at issue was renewed in 2013 when Plaintiff allegedly included it in her bankruptcy petition. *See* Doc. #30. Defendant contends that because the statute of limitations restarted in 2013, it could not have misled her by failing to advise her that the debt

was no longer legally enforceable in 2017. *Id.* However, Defendant has not asserted, and indeed cannot assert, that its Motion to Dismiss is *likely* to be successful such that the Court's ruling on the motion will finally conclude this matter. In fact, Defendant did not cite to a single case that supports its theory that the inclusion of a debt in one's bankruptcy schedules suffices to restart the statute of limitations under K.S. §60-520.

To the contrary, courts nationwide have consistently held that the inclusion of a debt in one's bankruptcy schedules is insufficient to invoke a state's "revival statute," such as Kansas's K.S. §60-520. *See e.g.*, *In re: Seltzer*, 529 B.R. 385, 393 (Bankr. M.D. Ga. 2015) (collecting cases). It is therefore not likely that Defendant's Motion to Dismiss will finally conclude this matter, and accordingly there exists no basis to stay or extend discovery until a ruling on the Motion to Dismiss is made.

Additional exceptions to the general principle of disfavoring stays of discovery pending the outcome of a dispositive motion include when a party has asserted absolute or qualified immunity; when the facts sought in discovery would not affect the resolution of the motion; or when discovery would be wasteful and burdensome. *Holroyd*, 2007 WL 1585846 at *1. The first is plainly inapplicable as Defendant has not asserted absolute or qualified immunity. Likewise, there is no indication that discovery in this case would be wasteful or burdensome. Finally, while discovery may not be necessary to defend the motion to dismiss, this Court, like the court in *Holroyd*, should decline to stay or extend discovery on that basis alone. *Id.*

WHEREFORE, and for the reasons delineated above, Plaintiff respectfully requests that this Court enter an Order denying Defendant's Motion for Extension of Time to Respond to Plaintiff's Discovery, to the extent such request would extend until after a ruling on its Motion to Dismiss, and for whatever other relief this Honorable Court deems just and appropriate. Plaintiff

does not oppose an extension of time for Defendant to respond to discovery until March 11, 2019, which is thirty (30) days after it was served via return receipt certified mail.

                                                  Respectfully submitted,

                                                  **SMITHMARCO, P.C.**

Dated: March 1, 2019                      By:    s/ Mandy M. Shell
                                                     Mandy M. Shell, KS Bar # 23410
                                                     1656 Washington St., Ste. 120
                                                     Kansas City, Missouri 64108
                                                     Telephone:  (913) 879-1001
                                                     Facsimile:   (888) 418-1277
                                                     E-Mail:      mshell@smithmarco.com
                                                     ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on March 1, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will then send such notification to all counsel of record.

                                                         By:    s/ Mandy M. Shell
                                                                 Attorney for Plaintiff