# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SUSAN DONAHUE,

    Plaintiff,

v.

PROBASCO & ASSOCIATES, P.A.,

    Defendant.

Case No. 18-2344-CM-TJJ

## MEMORANDUM AND ORDER

Plaintiff Susan Donahue brings this action against defendant Probasco & Associates, P.A. claiming violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. The matter is now before the court on defendant's Motion to Dismiss for Failure to State a Claim (Doc. 29) and plaintiff's Motion to Strike Portions of Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 42). Defendant seeks dismissal of plaintiff's Second Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff acknowledged the debt at issue in a 2013 bankruptcy proceeding, which restarted the statute of limitations; and therefore, defendant did not violate the FDCPA. Plaintiff asks this court to strike portions of defendant's reply that were raised for the first time in the reply. For the reasons set forth below, the court denies defendant's motion and grants plaintiff's motion.

**I.    Background**

According to the amended complaint, plaintiff allegedly incurred three debts owed to Stormont Vail HealthCare, Inc. Defendant, a law firm engaged in debt collection, sued plaintiff to recover one of the debts. Defendant obtained a judgment regarding that debt in 2002. Another of the debts was incurred

in June 2006 ("2006 debt"). Defendant did not obtain a judgment against plaintiff regarding the 2006 debt.

In January 2013, plaintiff filed a voluntary petition in the United States Bankruptcy Court for the District of Kansas under Chapter 13 of the Bankruptcy Code. On her Schedule F form, plaintiff listed Stormont Vail Healthcare as a creditor with a claim of $27,977.97.

As of November 1, 2017, plaintiff had not made a payment on the 2006 debt in more than five years. In Kansas, a breach of contract action to collect on a written contract must be filed within five years. At some point in November 2017, plaintiff contacted defendant via telephone and attempted to make a payment of $50 toward the 2002 judgment. In response, a representative working for defendant urged plaintiff to make a payment of $75 to spread out among each of the three debts defendant was seeking to collect, including the 2006 debt. Plaintiff initially objected but then agreed to permit defendant to spread out her payment among the three debts. Defendant did not advise plaintiff that a payment toward the 2006 debt would effectively restart the statute of limitations on the 2006 debt— which had already expired. On March 25, 2018, defendant filed a lawsuit against plaintiff to collect the 2006 debt.

On June 28, 2018, plaintiff filed the present case claiming defendant violated the FDCPA by using "false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt," by "falsely represent[ing] the character, amount, or legal status of any debt," and for acting deceptive and failing "to comply with the provisions of the FDCPA." (Doc. 9, at 4–5.) Plaintiff claims that defendant violated the FDCPA when its employee induced her into making a payment on the 2006 debt without advising her that making a payment on the stale debt would restart the statute of limitations.

**II.     Legal Standards**

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss under 12(b)(6), a complaint must contain "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is plausible when "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When the complaint contains well-pled factual allegations, a court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

**III. Analysis**

*a. Defendant's Motion to Dismiss*

Defendant argues that plaintiff failed to state a claim under Rule 12(b)(6) because her acknowledgement of the 2006 debt in the 2013 bankruptcy proceeding restarted the statute of limitations; and therefore, defendant did not violate the FDCPA when it encouraged her to make a payment on the 2006 debt in November 2017. Defendant's argument is based on K.S.A. § 60-520(a), which states:

> In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby.

Under the plain language of the statute, "[a]ny of the three means mentioned in the statute—payment, acknowledgement, or promise—starts anew the period of limitations which would have been applicable had an action been brought on the original debt or claim." *O'Malley v. Frazier*, 49 P.3d 438,

441 (Kan. 2002) (quoting *Morton v. Leslie*, 92 P.2d 90 (Kan. 1939) (citing G.S. 1935, 60-312, the predecessor of K.S.A. § 60-520(a))).

Defendant claims that when plaintiff listed the debt to Stormont Vail on her Schedule F form in the 2013 bankruptcy proceeding, she "acknowledged" the debt under K.S.A. § 60-520(a), which restarted the statute of limitations. Because the statute of limitations had already restarted in 2013, defendant did not violate the FDCPA when it encouraged her to make a payment on the 2006 debt in November 2017.

Plaintiff, however, argues that the disclosure of the debt on her bankruptcy schedules is not enough to meet the "acknowledgement" requirements of K.S.A. § 60-520(a).

"Kansas courts have set a high bar for an acknowledgement to be sufficient to renew the statute of limitations." *In re Shuman*, No. 16-20069, 2018 WL 2996985, at * 3 (Bankr. D. Kan. June 12, 2018). The Kansas Supreme Court has held that "[a]n acknowledgement which will remove the bar of the statute of limitations must be distinct, unequivocal, and without qualification, and nothing less than a direct admission of a present existing liability is sufficient." *Bowen v. Westerhaus*, 578 P.2d 1102, 1107 (Kan. 1978); *see also Dechand Roofing & Supply Co. v. Schumaker*, 254 P.2d 326, 328 (Kan. 1953) (noting that an acknowledgement must be "of such a character that a promise to pay the debt may be inferred or contain nothing inconsistent with such an inference, and must sufficiently identify the debt or be of such a character that there is no uncertainty as to the debt referred to" (interpreting the prior version of the statute which, for practical purposes, is substantially similar to the current version)). The court in *Dechand* reiterated that the acknowledgement must be distinct and unequivocal as to the present, existing liability *or* it must contain a definite promise to pay the debt. 254 P.2d at 328 (emphasis added.) For example, "[a]n acknowledgement in writing that a debt once existed but which does not contain an admission of a present subsisting debt on which the party is liable is insufficient to avoid the bar of the statute of limitations." *Id.* at 84–85.

-4-

Plaintiff maintains that listing a debt on bankruptcy schedules is insufficient to constitute an "acknowledgement" that would revive the statute of limitations under K.S.A. § 60-520(a). Plaintiff cites a number of cases from other jurisdictions in support of her argument.

The court notes that there is no Kansas or Tenth Circuit authority regarding whether listing a debt on bankruptcy schedules constitutes the "acknowledgment" necessary to revive the statute of limitations under K.S.A. § 60-520(a). But other courts have recognized that "[i]t appears that most courts to address the issue have refused to consider the listing of a claim on a debtor's bankruptcy schedules as the acknowledgment of the debt as required for revival." *In re Seltzer*, 529 B.R. 385, 393 (Bankr. M.D. Ga. 2015); *see also*, *In re Shippy*, No. 314-09865, 2016 WL 1178351, at *2 (Bankr. M.D. Tenn. Mar. 23, 2016) (noting ". . . the majority of courts that have addressed the issue have rejected the argument that the listing of a claim on a debtor's bankruptcy schedules is an acknowledgment of the debt."). The United States Bankruptcy Court for the District of South Carolina, for example, conducted a thorough analysis of the issue as it relates to the fundamental principles of the Bankruptcy Code. *See In re Vaughn*, 536 B.R. 670, 675–77 (Bankr. D.S.C. 2015). In *Vaughn*, the court emphasized that "[b]ankruptcy law favors rules that encourage full disclosure," and that "[t]he bankruptcy system depends upon the cooperation and honesty of voluntary debtors." *Id.* at 675–76. There are harsh penalties in place for those debtors who do not disclose a full picture of their financial affairs, and full disclosure is "the 'high' and 'onerous' price debtors pay in exchange for their discharge." *Id.* at 676. Because of the "harsh penalties for omitting debts and assets," debtors are encouraged to be all inclusive on the schedules. *Id.* Penalizing debtors for being honest on their schedules by allowing the disclosure to revive otherwise stale debt would be inconsistent with the principles of the Bankruptcy Code.

When considering whether the listing of the debt on bankruptcy schedules constitutes revival of the statute of limitations under the South Carolina revival statute, the court found that—similar to Kansas

-5-

law—a new promise to pay under the statute "may be implied as well as expressed, but it must amount to an unqualified admission of a subsisting legal liability and must be established by evidence unambiguous and full." *Id.* at 677 (quoting *Black v. White*, 13 S.C. 37, 40 (1880)). Because bankruptcy schedules are "simply a report of all possible obligations," they cannot be viewed as "a new promise to repay a debt" under the South Carolina revival statute. *Id.* at 679–80 (noting also that "listing a debt in a bankruptcy case is not a statement of intention to pay, but of a request of discharge of the liability."). Listing a debt on bankruptcy schedules, therefore, was not "evidence of a binding promise sufficient to revive a debt" under the South Carolina revival statute. *Id.* at 680.

Defendant provided no authority to support its claim that the listing of the debt on plaintiff's bankruptcy schedules was sufficient to revive the statute of limitations. Defendant argues that plaintiff's schedule was prepared for Chapter 13 bankruptcy proceedings, and that unlike Chapter 7 proceedings—which eliminates debt—Chapter 13 is merely a reorganization designed for debtors to pay back at least a portion of their debts through a repayment plan. The listing of the 2006 debt therefore could be considered plaintiff's intent to repay the debt. The court is unpersuaded. First, the cases cited above were all from Chapter 13 bankruptcy proceedings. The difference between Chapter 13 and Chapter 7 proceedings was not a consideration in these courts' rulings. Second, defendant's argument is contrary to the purpose of the Bankruptcy Code as discussed above. Listing all debt as part of an initial schedule is required of the debtor, regardless of whether it is Chapter 7 or Chapter 13 bankruptcy. The scheduling of the debt merely notifies the creditor of the bankruptcy and provides the creditor an opportunity to file a proof of claim and participate in the reorganization. *Id.* at 679. Listing the debt on the schedule therefore is not a clearly acknowledged intent to repay the debt as defendant claims.

For these reasons, the court finds that the disclosures on plaintiff's Schedule F form are not "acknowledgments" for purposes of the Kansas revival statute. The listing of the debt on the Schedule

F form did not restart the statute of limitations on the 2006 debt, and therefore, plaintiff's claims for FDCPA violations may go forward.

   *b. Plaintiff's Motion to Strike*

Plaintiff asks this court to strike what she alleges are new arguments raised in defendant's reply. Defendant's motion to dismiss was based on the argument that plaintiff failed to state a claim because her written acknowledgment of the debt in 2013 restarted the statute of limitations. More specifically, defendant argued that plaintiff acknowledged the debt in documents she filed as part of a 2013 bankruptcy proceeding. Defendant attached these documents to the motion to dismiss, and they include plaintiff's voluntary petition filed in bankruptcy court, which includes a Schedule F form.

In its reply to plaintiff's response, defendant argued that not only did plaintiff list the debt on the Schedule F form, she also entered into a repayment plan—which is evidence of an acknowledgment to repay the debt. Defendant attached evidence of the repayment plan to the reply. Defendant also argued in the reply that plaintiff failed to comply with the repayment plan. The failure to comply constitutes a breach of contract, which started a new statute of limitations.

Plaintiff claims the arguments about her failure to comply with the repayment plan are new arguments raised for the first time in the reply. Defendant claims its reply argument was properly raised because it is directly in response to issues raised by plaintiff, specifically that the debt listed on the Schedule F form did not constitute an acknowledgment of the debt because it did not equate to a promise to pay.

"Courts in this district generally refuse to consider issues raised for the first time in a reply brief." *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236 (D. Kan. 2001). After closely reviewing the arguments made in defendant's motion to dismiss, the court finds that the arguments at issue from the reply brief should be stricken. Defendant's motion to dismiss was based only on the disclosures plaintiff

-7-

made in the documents she filed as part of her voluntary petition, including the Schedule F form. Defendant did not mention the subsequent repayment plan, or failure to comply with the repayment plan as possible grounds for reviving the statute of limitations. And there was no reason that this information was not available to defendant when it filed its motion to dismiss. The scope of the motion to dismiss was only whether the listing of the debt in the bankruptcy schedules was an acknowledgment of the debt that revived the statute of limitations. Any argument in response and in reply was limited to that issue. Those portions of defendant's reply, and the exhibits supporting that argument, are stricken.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss for Failure to State a Claim (Doc. 29) is denied.

**IT IS FURTHER ORDERED** plaintiff's Motion to Strike Portions of Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 42) is granted.

Dated May 10, 2019, at Kansas City, Kansas.

                                        s/ Carlos Murguia
                                        **CARLOS MURGUIA**
                                        **United States District Judge**