IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SUSAN DONAHUE, )
)
    Plaintiff, ) Case No: 2:18-cv-02344-CM-TJJ
)
v. )
)
PROBASCO & ASSOCIATES, P.A., )
)
    Defendant. )

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion for Leave to File its Second Supplemental Motion to Dismiss for Insufficient Service of Process Out of Time (ECF No. 45). For the reasons discussed below, the motion is denied.

### I. Procedural Background[1]

Plaintiff filed her complaint on June 28, 2018. A summons was issued to her the same day. On August 8, 2018, E. Lou Bjorgaard Probasco[2] ("Probasco") entered an appearance on behalf of Defendant and received a Clerk's extension of time to answer or otherwise respond to the complaint.[3] The Clerk's extension, prepared and approved by Probasco, noted that the "Summons and Petition were served at the office of Probasco & Associates, P.A. on July 19, 2018."[4] On August 23, 2018, Defendant filed a motion to dismiss alleging insufficient service of process.[5] In support of the motion, Defendant submitted an affidavit from Alisia Colbert ("A.

---

[1] Although the Court discussed the procedural history of this case in detail in its January 31, 2019 Order (ECF No. 28), it is necessary to restate the procedural history for purposes of this Order.

[2] Ms. Probasco, a licensed attorney, is Defendant's registered agent. *See* ECF No. 26-1.

[3] *See* ECF Nos. 3 and 4.

[4] ECF No. 4.

[5] ECF No. 5. Defendant's motion also requested a more definite statement. However, on September 4, 2018, Plaintiff filed an Amended Complaint (ECF No. 9) and, on September 14, 2018, Defendant filed a supplemental

Colbert"), who accepted service of the complaint and summons, stating she was not authorized to receive service on behalf of Defendant.[6] Plaintiff responded with an affidavit from her process server stating the summons was served at Defendant's office on July 19, 2018 upon A. Colbert, who "was sitting behind the desk and stated [she was] waiting for the service documents and who specifically stated that [she was] authorized to accept service of process on behalf of [Defendant]."[7]

District Judge Murguia ruled that although Plaintiff believed in good faith she had effectuated proper service, service was not proper.[8] The Court declined to dismiss the action and instead granted Plaintiff an additional 90 days from October 15, 2018 (until January 14, 2019) in which to properly serve Defendant.[9] The Court also ordered that, if Plaintiff did not effectuate proper service upon Defendant by that date, she must show cause as to why the Court should not dismiss the case.[10]

Plaintiff subsequently attempted to personally serve Defendant fourteen times.[11] Additionally, Plaintiff's counsel contacted or attempted to contact Defendant's counsel on several occasions to inquire whether Defendant's agent would agree to be present for service at her office at a specified date and time of Defendant's choosing, but Defendant never responded to the proposal.[12] After all of these attempts failed, on January 4, 2019, Plaintiff filed a Motion

---

motion to dismiss (ECF No. 11) removing the request for more definite statement but arguing the amended complaint had not been properly served, either.

[6] ECF 5-1.

[7] ECF No. 17-1.

[8] *See* ECF No. 20.

[9] *Id.* at 4.

[10] *Id.*

[11] *See* ECF No. 25 at 2; ECF No. 25-2.

[12] ECF No. 25 at 7.

for Alternative Service and Extension of Time to Serve Defendant and Incorporated Memorandum of Law.[13] The Court granted Plaintiff's motion and extended Plaintiff's deadline for service of process to March 15, 2019, finding Plaintiff had shown good cause for the requested extension based upon her many attempts to personally serve Defendant and attempts to communicate with Defendant's counsel multiple times to arrange an agreeable date and time for service.[14] The Court also found that Defendant had actual notice of the lawsuit since at least August 8, 2018, when Probasco filed her entry of appearance, acknowledging service of the summons and complaint upon Defendant.[15] Finally, the Court found that Kansas law allows service upon an entity such as Defendant via certified mail pursuant to Kan. Stat. Ann. § 60-303(c)(1) and §§ 60-304(e)(1) and (h).[16]

Defendant filed a motion to dismiss for failure to state a claim on the deadline for doing so, February 15, 2019.[17] That same day, Defendant also filed a motion for extension of time to respond to Plaintiff's discovery requests.[18] Plaintiff filed a certificate of service on February 21, 2019, showing service of process via certified mail signed by Dianna Colbert ("D. Colbert") on February 7, 2019.[19] On March 5, 2019, the Court granted in part Defendant's motion for extension of time, stating, "Defendant was served on February 7, 2019, and is therefore granted

---

[13] ECF No. 25.

[14] ECF No. 28 at 7–8.

[15] *Id.* at 8.

[16] *See* Fed. R. Civ. P. 4(e)(1) (stating services is accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.").

[17] ECF No. 29.

[18] ECF No. 31.

[19] ECF No. 32-1.

3

an extension of time, to and including March 11, 2019, to respond to Plaintiff's discovery requests."[20]

The parties' deadline to either file a joint notice of mediation or submit confidential settlement reports to the undersigned's chambers was February 28, 2019.[21] Defendant failed to comply with this deadline, so on March 21, 2019, the Court issued an Order to Show Cause as to why Defendant should not be required to participate in mediation by the May 1, 2019 Scheduling Order deadline, at a date, time and with a mediator of Plaintiff's choosing, and with Defendant to pay the entire mediator's fee.[22] Defendant responded on March 28, 2019, and for the first time argued the February 7, 2019 certified mail service was improper.[23]

On April 19, 2019, Defendant filed the subject motion for leave to file its supplemental motion to dismiss on insufficient service of process grounds out of time. Defendant argues because the Court extended Plaintiff's deadline to effect service to March 15, 2019 and Plaintiff did not file her certificate of service until February 21, 2019, the February 15, 2019 motion to dismiss deadline "was made impracticable" and gives Defendant good cause to seek leave to file its supplemental motion to dismiss.[24] Defendant also argues the service on February 7, 2019 was improper because the certified mail receipt was signed by D. Colbert, not Probasco.

Plaintiff argues Defendant has failed to show good cause for its untimely filing, and that the supplemental motion to dismiss would be futile because Plaintiff did effectuate proper service on February 7, 2019 pursuant to Kan. Stat. Ann. §§ 60-303(c) and 60-304(e).[25]

---

[20] ECF No. 34.

[21] ECF No. 23.

[22] ECF No. 39.

[23] ECF No. 41 at 2–3.

[24] ECF No. 45 at 5-6.

[25] *See generally* ECF No. 49.

On May 3, 2019, Plaintiff contacted the Court indicating a discovery dispute had arisen between the parties regarding Defendant's responses to Plaintiff's discovery requests. Plaintiff requested a discovery conference before filing a motion to compel. The Court conducted the discovery conference on May 9, 2019. During the conference, the Court also heard argument from the parties regarding the subject motion for leave.

**II.     Legal Standard**

District of Kansas Rule 6.1(a)(4) provides that a party must file a motion for an extension of time to perform an act "before the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires." The determination of whether a party has shown excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the parties omission," including (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.[26]

Federal Rule of Civil Procedure 4 governs service in a federal action. Pursuant to Rule 4(h), a corporation, partnership, or other unincorporated association that is subject to suit under a common name, must be served by delivering a copy of the summons and the complaint to an officer, managing or general agent, or any other authorized agent, or in the manner prescribed by Rule 4(e)(1) for serving an individual. Rule 4(e)(1) states that service is accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

---

[26] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). *See also Hamilton v. Water Whole Intern. Corp.*, 302 Fed. Appx. 789, 798 (10th Cir. 2008).

In Kansas, service of process upon corporations, companies, partnerships, and other associations subject to suit in a common name is governed by Kan. Stat. Ann. § 60-304(e), which provides that service must be made by:

> "(1) serving an officer, manager, partner or a resident, managing or general agent; (2) leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof; or (3) serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. Service by return receipt delivery on an officer, partner or agent must be addressed to the person at the person's usual place of business."

Pursuant to Kan. Stat. Ann. § 60-303(c)(1):

> "Service of process may be made by return receipt delivery, which is effected by certified mail, priority mail, commercial courier service, overnight delivery service or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery."

## III. Analysis

### A. **Defendant Fails to Show Excusable Neglect for its Untimely Filing.**

Defendant first argues it has shown good cause for filing its supplemental motion to dismiss out of time. But Defendant misstates the standard. As noted above, when a motion for extension of time to perform an act is made out of time, the moving party must show excusable neglect for the delay. Defendant argues that because Plaintiff was granted an additional extension of time to serve Defendant, the motion to dismiss deadline "was made impracticable" because it was due before Plaintiff's service deadline.[27] However, the motion to dismiss deadline was not extended along with the service of process deadline and Defendant admits it did not seek an

---

[27] ECF No. 53 at 2.

extension of the motion to dismiss deadline before it expired. Indeed, Defendant failed to file the subject motion until approximately eight weeks after Plaintiff's certificate of service was filed. Moreover, Defendant provides no explanation for why it failed to timely seek an extension other than it was making "an effort to comply with the Court's Scheduling Order."[28] This is not sufficient to show excusable neglect.

In considering the *Pioneer* factors listed above, the Court first considers the danger of prejudice to the opposing party. The Court finds Plaintiff would be prejudiced if Defendant were allowed to file its supplemental motion to dismiss. Plaintiff filed this case on June 28, 2019, almost a year ago. Yet almost no progress has been made because of issues associated with serving Defendant. Probasco has had actual notice of this case since at least August 8, 2018, when she entered her appearance and indicated that the summons and complaint had been served at Defendant's office.[29] And, this Court has already denied Defendant's motion to dismiss on the merits.[30] If Defendant were allowed to file a supplemental motion to dismiss regarding the certified mail service, which as discussed below would be futile, Plaintiff would be prejudiced in having her case delayed even more than it already has been.

The second *Pioneer* factor is the length of the delay and its potential impact on judicial proceedings. The Court finds the length of the delay was inexcusable. Defendant, at the latest, found out about Plaintiff's purported certified mail service on February 21, 2019, when Plaintiff filed the certificate of service. Defendant argues it could not file its motion for leave to file a supplemental motion to dismiss at that time because Plaintiff still had until March 15, 2019 to

---

[28] *Id.* at 5.

[29] *See* ECF Nos. 3 and 4.

[30] *See* ECF No. 52.

7

effectuate proper service.[31] The Court disagrees. In any event, Defendant provides no explanation for why it waited until April 19, 2019, to file the pending motion—five weeks after Plaintiff's deadline to effectuate service. As previously noted, the delays in this case have been substantial, and an additional five-week delay to request leave to file yet another motion to dismiss based on service is inexcusable.

Regarding the third factor, the Court has already discussed Defendant's failure to offer any acceptable reason for the delay. Further to the point, the delay was not only within the reasonable control of the movant but within its total control.

Finally, the Court considers the fourth factor, whether the movant acted in good faith. Plaintiff's response raises issues that reasonably call into question whether Defendant acted in good faith.[32] The Court is not in a position to reach any conclusions here regarding whether Defendant acted in good or bad faith.[33] However, because the other three factors weigh heavily in favor of Plaintiff, the Court finds Defendant has failed to show excusable neglect for its delay in filing its motion for leave to file out of time.

---

[31] ECF No. 53 at 5.

[32] ECF No. at 8–11.

[33] It is imperative, though, that the parties appreciate the gravity of the issues raised. During the conference on May 9, 2019, the Court expressed concerns and asked Defendant's counsel questions regarding the suspicious circumstances asserted in Plaintiff's response surrounding Alisia Colbert and her role or responsibilities for Defendant at times pertinent to this case, including specifically when she allegedly accepted service on behalf of Defendant on July 19, 2018. The Court encouraged Defendant to address these issues in its reply to the subject motion, with supporting affidavits, if appropriate, and also to correct the record if there were any inaccuracies in prior filings. Defendant's reply responds to some of the issues and attaches affidavits of A. Colbert and Probasco. But, once again the A. Colbert affidavit does not state whether, or much less deny, she represented to the process server on July 19, 2018 that she was waiting for the service documents and was authorized to accept service on behalf of Defendant, as noted on the return of service. The affidavits of A. Colbert and Probasco stating that A. Colbert was not authorized to accept service beg the question of whether A. Colbert indicated otherwise to the process server. Lest there be any doubt or uncertainty, the Court makes clear here that if affidavits filed are technically accurate but materially incomplete and/or misleading, attorneys owe a duty of candor to the tribunal and are expected to correct any inaccuracies. The Court does not condone sharp legal practices that fail to provide all relevant and material facts. The Court once again reminds counsel of the Pillars of Professionalism adopted by the District of Kansas.

## B. Defendant's Supplemental Motion to Dismiss Would be Futile.

Although its analysis could end there, the Court also finds that Defendant's motion should be denied because its proposed supplemental motion to dismiss would be futile. The basis for the proposed motion is Defendant's contention that Plaintiff still has not properly served Defendant. To the contrary, the Court finds that she has.

Defendant's main argument for why the certified mail service was improper is that the return receipt was signed by D. Colbert and not by Probasco.[34] In its reply, Defendant cites several cases in support of its position. However, they are all factually distinguishable from this case, most of them because they involved service on an individual rather than a business entity.[35]

Additionally, Defendant does not address the two cases the Court cited to the parties during the May 9, 2019 discovery conference—*Drummond v. Armata Logistics, Inc.*[36] and *Petrie v. Pension Advisors, Inc.*[37] This is significant because the Court rendered its advisory ruling during the conference that Plaintiff's service of process was proper based in large part upon *Drummond* and *Petrie*, and encouraged Defendant to address these two cases in its reply.

In *Drummond*, the Court held that service by certified mail was proper where the complaint and summons were sent via certified mail (return receipt requested), addressed to the

---

[34] ECF No. 53 at 7–10. Defendant does not argue the certified mail was improperly addressed or that D. Colbert did not sign the return receipt. Also, Defendant acknowledges that D. Colbert was a courier who did pick up mail for the building where Defendant is located. ECF No. 53 at 2.

[35] *See, e.g.*, *Cessna Fin. Corp. v. VYWB, LLC,* 982 F. Supp. 2d 1226, 1230–32 (D. Kan. 2013) (discussing proper service of the individual defendant and noting that Kan. Stat. Ann. § 60-304 requires serving the individual or serving the individual's authorized agent); *Watson v. Narine*, No. 93,440, 2006 WL 90098, at *1 (Kan. Ct. App. Jan. 13, 2006) (finding improper service on an individual where it was unclear whether the certified mail was even addressed to the individual's "dwelling house or usual place of abode" or whether the person who signed the return receipt was an authorized agent); *Brooks v. 10th Cir. Ct. of Appeals*, No. 10-2452-MLB, 2010 WL 3878658, at *2 (D. Kan. Sept. 28, 2010) (finding improper service on an individual when the certified mail was not addressed to the individual and was received by a person other than the individual).

[36] No. 13-CV-2633-EFM-KGG, 2014 WL 2897849 (D. Kan. June 26, 2014).

[37] No. 17-1021-EFM-TJJ, 2017 WL 2306355 (D. Kan. May 26, 2017).

defendant's registered agent, and delivery of the complaint and summons was made and received by someone at that location.[38] Further, the Court held Kan. Stat. Ann. § 60-304(e) "simply requires that 'service by return receipt delivery on an … agent … be *addressed* to the person at the person's usual place of business.' There is no requirement in that statute that delivery actually be *accepted* only by that registered agent."[39] In addition, to the extent Defendant attempts to suggest Plaintiff should have requested restricted delivery to ensure only Probasco would sign for the mail, that requirement has been removed from Kan. Stat. Ann. § 60-304.[40]

In *Petrie*, the Court held service was proper where the summons and complaint were addressed to the defendant's registered agent, and a person who was not employed by the defendant signed the return receipt.[41] This is Defendant's exact argument—that D. Colbert is not employed by Defendant and thus was not authorized to sign the certified mail return receipt. But this Court has held that when the certified mail is addressed to the registered agent at his or her ordinary place of business and is delivered to someone (even someone who is not an employee) at that location, service is proper. There are good reasons for this rule relative to service on a corporation or other business entity. As Plaintiff notes, the person who is sent to pick up the mail at a corporate post office box address, or as here, the person who receives mail on behalf of a building that houses multiple office spaces,[42] is rarely the person in charge of the business office.[43] Therefore, the Court finds Plaintiff has effectuated proper service on Defendant.

---

[38] *Drummond*, 2014 WL 2897849 at *3.

[39] *Id.* (quoting Kan. Stat. Ann. § 60-304(e)) (emphasis in the original).

[40] *Id.* at n.14 (citing *Remmers v. Bd. of Maint. of Way Emp.'s Div. Unified Div. of the Int'l Bd. of Teamsters*, No. 11-4142-JAR, 2012 WL 2449887, at *4 n.28 (D. Kan. June 27, 2012)).

[41] *Petrie*, 2017 WL 2306355, at *2.

[42] *See* ECF No. 53-1.

[43] ECF No. 49 at 7 (quoting *Porter v. Wells Fargo Bank, N.A.*, 257 P.3d 788, 791 (Kan. App. 2011) (finding no service when the certified mail was not addressed to "any *person* whatsoever" but noting that service is proper when

## IV. Conclusion

The Court finds Defendant has failed to show excusable neglect for its untimely request to file a supplemental motion to dismiss. The Court further finds Defendant's proposed supplemental motion to dismiss would be futile because Plaintiff has effectuated proper service on Defendant.[44] Accordingly, Defendant's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Leave to File its Second Supplemental Motion to Dismiss for Insufficient Service of Process Out of Time (ECF No. 45) is denied.

**IT IS SO ORDERED.**

Dated May 30, 2019, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

the certified mail is correctly addressed to a person authorized under Kan. Stat. Ann. § 60-304 to accept service and accepted by an employee at the defendant's place of business) (emphasis in the original).

[44] Defendant likely also waived any insufficiency of service of process argument by filing its motion to dismiss on February 15, 2019 but failing to include any argument that the February 7, 2019 certified mail service was improper. *See* Fed. R. Civ. P. 12(g)(2) and (h). However, the Court need not address this issue, as it has already ruled that Defendant's motion should be denied on the two bases already noted.