# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SUSAN DONAHUE,

    *Plaintiff,*

vs.

PROBASCO & ASSOCIATES, P.A.,

    *Defendant.*

Case No. 18-2344-EFM

## MEMORANDUM AND ORDER

    Plaintiff Susan Donahue brought this suit against Defendant Probasco & Associates, P.A., alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). In support of its defense, Defendant P&A proffers the expert testimony of its retained expert, Louis J. Wade, and its non-retained expert, E. Lou Bjorgaard Probasco. Plaintiff Donahue moves this Court to preclude Wade's testimony under the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharms., Inc.*[1] and its progeny (Doc. 116). She further requests that Probasco's testimony be limited to that of a fact witness. For the reasons discussed below, the Court grants the motion in part and denies it in part.

---

[1] 509 U.S. 579 (1993).

## I. Factual and Procedural Background[2]

Plaintiff Donahue incurred several debts for medical services provided by Stormont Vail Healthcare, Inc. Defendant P&A was retained by Stormont Vail to collect the debts. From September 2017 through April 2018, Donahue and P&A had various interactions over the phone regarding the debts. Donahue alleges that in some of these interactions, P&A violated the FDCPA. P&A contends that it did not violate the FDCPA and if any violation did occur, the violation falls within the bona fide error exception to civil liability.[3]

In support of its defense, P&A proffers the expert testimony of Louis J. Wade—a licensed attorney. Wade intends to testify regarding P&A's bona fide error defense, asserting his opinion that "if any violation of the FDCPA occurred here, Defendant maintained proper procedures reasonably adapted to avoid the occurrence of the alleged violation." P&A also proffers the expert testimony of E. Lou Bjorgaard Probasco—its managing partner. Probasco intends to testify that P&A did not violate the FDCPA. Donahue has moved to exclude Wade's testimony, arguing that the proposed testimony is not based on sufficient facts and data. Donahue also moves to limit Probasco's testimony on the basis that Probasco cannot testify as to her opinions of the law. The Court held a hearing on Defendant's *Daubert* motions on July 12, 2021.

## II. Legal Standard

Federal Rule of Evidence 702 governs expert testimony. It provides that a witness "qualified as an expert by knowledge, skill, experience, training, or education" may provide opinion testimony if:

---

[2] The facts are taken from the Pretrial Order.

[3] Defendant P&A also asserts other defenses not relevant to the motion pending before the Court.

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.[4]

Rule 702 imposes a "gatekeeping role" upon the district court to ensure that expert testimony is relevant and reliable.[5] To fulfill this role, the district court must "make specific factual findings on the record which are sufficient for an appellate court to review the trial court's conclusion concerning whether the testimony was scientifically reliable and factually relevant."[6] The party offering the expert testimony bears the burden of showing that the expert's testimony is admissible.[7]

### III.     Analysis

**A.     Louis J. Wade**

The first step of the district court's gatekeeping inquiry is to determine whether the expert "has a reliable basis in the knowledge and experience of his or her discipline."[8] District courts have broad discretion to determine whether a proposed expert may testify.[9] To be qualified, "[a]n

---

[4] Fed. R. Evid. 702.

[5] *Daubert*, 509 U.S. at 597.

[6] *Bitler v A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005) (citing *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1223 (10th Cir. 2003)).

[7] *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (citing *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 n.4 (10th Cir. 2001)).

[8] *Bitler*, 400 F.3d at 1232–33 (quoting *Daubert*, 509 U.S. at 592) (internal quotation marks and alterations omitted).

[9] *United States v. Nichols*, 169 F.3d 1255, 1265 (10th Cir. 1999).

expert must possess 'such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth.' "[10]  An expert who "possesses knowledge as to a general field" but "lacks specific knowledge does not necessarily assist the jury."[11]

The Court concludes that Wade is qualified to opine on the law surrounding compliance with the FDCPA.  Wade is a practicing attorney and is licensed in Kansas and Missouri.  He practices creditors' rights law, frequently manages cases involving the FDCPA, and is active in debt collection.  Wade has been in practice for nearly forty-one years and does consulting work for other attorneys regarding compliance with the FDCPA.  Wade testified that he is very familiar with the FDCPA and the procedures that are used to comply with the FDCPA and to avoid errors like those alleged in this case.

The second step of the Court's gatekeeping inquiry is to determine if the expert's proffered testimony is reliable.  To be reliable, the expert's testimony must be based on sufficient facts or data.[12]  Here, the Court cannot conclude that Wade's testimony is based on sufficient facts or data.  Wade's bare bones expert report provides no information regarding the relevant standards under the FDCPA, let alone information as to how P&A complied with such standards.

Wade's report merely states, "[b]ased on the documents and information provided to me, if any violation of the FDCPA occurred here, Defendant maintained procedures reasonably adapted to avoid the occurrence of the alleged violation of the FDCPA."  Wade asserts that he

---

[10] *Rodgers v. Beechcraft Corp.*, 759 F. App'x 646, 658 (10th Cir. 2018) (quoting *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004)).

[11] *City of Hobbs v. Hartford Fire Ins. Co.*, 162 F.3d 576, 587 (10th Cir. 1998) (citation omitted).

[12] *BNSF Ry. Co. v. Bd. of Cty. Comm'rs*, 2005 WL 1944770, at *2 (D. Kan. 2005) (citing Fed. R. Evid. 702).

bases his opinion on P&A's training manuals, new employee procedures, and staff meetings to ensure compliance, but does not detail the specifics of these procedures, manuals, or meetings, nor how they ensure compliance with the FDCPA. Further, although he notes that the training manuals included "references to payments, or statutes of limitations, or dormancy of judgments," he does not explain how these manuals were used or how they satisfy the requirement that P&A maintained procedures reasonably adapted to avoid violations of the FDCPA. This limited report provides the Court with no basis to conclude that Wade's testimony is reliable.

Moreover, at the July 12 hearing, Wade provided no additional detail revealing the facts and data upon which his conclusions were based. Wade testified that he reviewed the parties' pleadings, P&A's files regarding Donahue, and P&A's training materials in developing his report. Wade further testified that he had reviewed a supplemental interrogatory response provided to Donahue by P&A which explained that P&A does not hire employees without previous experience in law office collections, that P&A ascertains potential employees' experience and knowledge with regard to collections, and that P&A provides new employees with training regarding procedures, time limits, balances, expense, confidentiality, etc. Again, however, Wade did not testify as to the relevant standards under the FDCPA, nor the specific facts of P&A's procedures which allowed him to conclude that P&A maintained procedures reasonably adapted to avoid violations of the FDCPA.

Although the Federal Rules allow an expert to offer opinion evidence even when it "embraces an ultimate issue to be decided by the trier of fact," "an expert may not simply tell the jury what result it should reach without providing any explanation of the criteria on which that

opinion is based or any means by which the jury can exercise independent judgment."[13]  "Expert testimony of this sort is sometimes excluded on the ground that it 'usurps the function of the jury in deciding the facts, or interferes with the function of the judge in instructing the jury on the law.' "[14]

Because the standards and facts upon which Wade's report is based are left wholly to the surmise of the reader, the Court cannot conclude that Wade's proposed testimony is the product of reliable principles and methods.[15]  Although there are without a doubt reliable principles and methods that could be employed in this case, taking facts which are not explained and applying them to principles which are not disclosed does not help a jury understand the evidence, nor how that evidence relates to the law of the bona fide error defense.  Wade, having not addressed what the standards are, nor applied them to the facts of this case, cannot help the trier of fact understand the evidence or determine the disputed facts at issue.

Because Wade has not established that his testimony is reliable, the Court need not address address the third and last step of its gatekeeping function—"whether [the] proposed testimony is sufficiently relevant to the task at hand."[16]  The Court will address, however, Defendant's argument that Plaintiff's *Daubert* challenge has circumvented the Federal Rules of Civil Procedure—namely Plaintiff's obligation to meet and confer regarding discovery issues.  The Court finds that Plaintiff does not argue that Defendant failed under Rule 26 to adequately disclose

---

[13] *United States v. Dazey*, 403 F.3d 1147, 1171 (10th Cir. 2005) (citations omitted).

[14] *Id.* (citation omitted).

[15] *Rodgers*, 759 F. App'x at 659 (holding that the reliability determination requires a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.") (quoting *Daubert*, 509 U.S. at 592–93).

[16] *Bitler*, 400 F.3d at 1234 (internal quotation marks and citation omitted).

the proposed expert testimony of Wade, but rather, argues that Wade's testimony does not comport with Federal Rule of Evidence 702. Further, the Court finds unpersuasive Defendant's assertion that Plaintiff could have deposed Wade to gather information regarding the principles and methodologies underlying his opinions. Because the party offering the expert testimony bears the burden of showing that its expert's testimony is admissible,[17] Defendant was required to establish that Wade's opinion is based on sufficient facts or data—not Plaintiff. Defendant has not produced such evidence, and therefore, Wade's testimony must be excluded.

**B.      E. Lou Bjorgaard Probasco**

Plaintiff next takes issue with P&A's designation of Probasco as a non-retained expert in the case. Plaintiff argues that although Probasco may testify as to the procedures in place at P&A and how she *believed* those procedures were sufficient to avoid violating the FDCPA, Probasco cannot testify that those procedures *were in fact* reasonably adapted to avoid the errors. The Court is not persuaded that drawing such a fine line between the language that Probasco may use is necessary in this instance.

Probasco is certainly qualified to testify as to the facts of how her office operates, including training, and how those trainings and operations complied with the relevant laws. The jury can listen to Probasco's testimony, knowing that Probasco is the representative for P&A, and determine for itself whether P&A's procedures were reasonably adapted to avoid the errors. Moreover, Plaintiff will have the opportunity to cross-examine Probasco at trial. The Court therefore cannot conclude that Probasco's testimony as to her opinions of P&A's compliance efforts will improperly mislead the jury.

---

[17] *Nacchio*, 555 F.3d at 1241.

The Court concludes, however, that Probasco may not be identified as an expert at trial. Although Probasco was listed in P&A's Designation of Expert Witnesses as a non-retained expert, P&A provided no basis for this Court to permit Probasco to testify as an expert under Rule 702. Further, at the July 12 hearing, counsel for Defendant conceded that he listed Probasco as a non-retained expert out of concern that Probasco's testimony would be limited and did not further argue the Rule 702 standard. Finding no basis to designate Probasco as an expert under the Federal Rules, the Court will not allow Probasco to be identified as an expert witness at trial.

**IT IS THEREFORE ORDERED** that Plaintiff's *Daubert* Motion to Preclude the Expert Testimony of Attorneys, Louis J. Wade and E. Lou Bjorgaard Probasco (Doc. 116) is **GRANTED in part and DENIED in part**.

Wade is precluded from testifying in this matter. Probasco may testify regarding her experiences and opinions as managing partner of P&A but will not be identified as an expert at trial.

**IT IS SO ORDERED**.

Dated this 26th day of July, 2021.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE